UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JULIE MCCABE,

      Plaintiff,                          Case No. 3:19-cv-96

vs.

COMMISSIONER OF SOCIAL SECURITY,    District Judge Walter H. Rice
                                                Magistrate Judge Michael J. Newman

           Defendant.

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING AT ISSUE BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal.  At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Incomes ("SSI").  Before the Court are Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 12), Plaintiff's reply (doc. 13), the administrative record (doc. 6), and the record as a whole.[2]

**I.**

**A.**      **Procedural History**

Plaintiff filed for SSI on August 11, 2015.  PageID 60.  Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, degenerative disc disease, dextroscoliosis, asthma, tracheal stenosis, obesity, arthritis, headaches, and anxiety.  PageID 63.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Hereafter, citations to the electronically-filed record will refer only to the PageID number.

After a denial of her application upon reconsideration, Plaintiff received a hearing before

ALJ Kevin Barnes on November 28, 2017.  PageID 65, 77-119.  The ALJ issued a written decision

on June 4, 2018 finding Plaintiff not disabled.  PageID 60-71.  Specifically, the ALJ found at Step

Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range

of sedentary work,[3] "there are jobs that exist in significant numbers in the national economy that

[Plaintiff] can perform[.]" PageID 65-71.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's

non-disability finding the final administrative decision of the Commissioner.  PageID 46-48; *See*

*Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).  Plaintiff then

filed this timely appeal.  *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.      Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 60-71),

Plaintiff's Statement of Errors (PageID 2394-2401), the Commissioner's memorandum in

opposition (PageID 2409-18), and Plaintiff's reply (PageID 2419-21).    The undersigned

incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

**II.**

**A.      Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-

disability finding is supported by substantial evidence, and (2) whether the ALJ employed the

correct legal criteria.  42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46

---

[3]  Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 416.967(a). Sedentary jobs require occasional walking and standing to carry out job duties. *Id*.

(6th Cir. 2007).  In performing this review, the Court must consider the record as a whole.  *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales,* 402 U.S. 389, 401 (1971).  When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled.  *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).  Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference."  *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record.  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009).  "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right."  *Bowen*, 478 F.3d at 746.

### B.     "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act.  42 U.S.C. § 423(d)(1)(A).  Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies.  *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations.  20 C.F.R. § 416.920(a)(4).  Although a dispositive finding at any step ends the

ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential

review poses five questions:

1.      Has the claimant engaged in substantial gainful activity?;

2.      Does the claimant suffer from one or more severe impairments?;

3.      Do the claimant's severe impairments, alone or in combination, meet or
        equal the criteria of an impairment set forth in the Commissioner's Listing
        of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4.      Considering the claimant's RFC, can he or she perform his or her past
        relevant work?; and

5.      Assuming the claimant can no longer perform his or her past relevant work
        -- and also considering the claimant's age, education, past work experience,
        and RFC -- do significant numbers of other jobs exist in the national
        economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D.

Ohio 2001).  A claimant bears the ultimate burden of establishing disability under the Social

Security Act's definition.  *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

In her Statement of Errors, Plaintiff argues that the ALJ erred in: (1) evaluating the medical

evidence (specifically her 2017 lumbar spine x-ray); and (2) determining her RFC.  PageID 2399-

2400.  The undersigned agrees with both of Plaintiff's alleged errors, and finds reversal warranted

on those and other bases.[4]  *See infra*.

The ALJ has the responsibility to develop the administrative record, *see* 20 C.F.R.

§§ 416.912(d), (e) and 416.945(a)(3), even though a claimant bears the ultimate burden of proof

as to the existence and severity of the limitations caused by his or her impairments.  *Cruse v.*

---

[4] This Court has the authority to *sua sponte* find additional error in the ALJ's opinion. *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 416 (6th Cir. 2011) ("This court has previously considered the issue of whether certain impairments meet or equal a listing, even though that issue had not been raised").

*Comm'r of Soc. Sec.*, 502 F.3d 532, 545 (6th Cir. 2007).  While the ALJ has discretion in determining whether to order a consultative examination, or call a Medical Expert at the hearing, the ALJ's RFC finding must have the support of "substantial evidence" in the administrative record.  *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 877 (6th Cir. 2007).

When assessing a Plaintiff's RFC, the ALJ must consider all relevant evidence, including medical source opinions.  *See* 20 C.F.R. §§ 416.927(d), 416.945(a).  Generally:

> where the transcript contains only diagnostic evidence and no opinion from a medical source about functional limitations (or only an outdated nonexamining agency opinion), to fulfill the responsibility to develop a complete record, the ALJ must recontact the treating source, order a consultative examination, or have a [M]edical [E]xpert testify at the hearing. This responsibility can be satisfied without such opinion only in a limited number of cases where the medical evidence shows 'relatively little physical impairment' and an ALJ can render a commonsense judgment about functional capacity.

*Bryant v. Comm'r of Soc. Sec.*, No. 3:15-CV-354, 2017 WL 489746, at *4 (*quoting Deskin v. Comm'r of Soc. Sec.*, 605 F.Supp.2d 908, 912 (N.D. Ohio 2008) (internal quotation omitted)).  Such a general rule "applies only when an ALJ makes a finding of work-related limitations based on no medical source opinion or an outdated source opinion that does not include consideration of a critical body of objective medical evidence."  *Id*. (*quoting Kizys v. Comm'r of Soc. Sec.*, No. 3:10-CV-25, 2011 WL 5024866, at *2 (N.D. Ohio Oct. 21, 2011)).

Here, the ALJ did not do enough.  The "key inquiry" is whether the ALJ "fully and fairly developed the record through a conscientious probing of all relevant facts."  *Williams v. Astrue,* 1:11-CV-2569, 2012 WL 3586962, at *7 (N.D. Ohio Aug. 20, 2012).  While the ALJ appears to have reviewed treatment records and recommendations from a number of medical sources -- including treatment records from treaters Kamel Abraham, M.D.; Keith Wilson, M.D.; Aisha Gargom, M.D.; Moin Ranginwala, M.D.; and Amrit Chada; opinions from consultative examiners Ellen Offutt, M.D. and George Schulz, Ph.D.; and opinions from record reviewers David Knierim,

M.D.; Elaine Lewis, M.D.; Bruce Goldsmith, Ph.D.; and Todd Finnerty, Psy.D. -- he did not have an opinion from any physician who had the opportunity to review Plaintiff's 2017 lumbar spine x-ray.[5] PageID 62-71. That x-ray showed several abnormal findings including, *inter alia*, reversal of the normal lumbar lordosis[6]; fusion of the L1 through L4 vertebra; and a severely limited range of motion. PageID 1988-90. Instead, the ALJ impermissibly relied on his own interpretation of Plaintiff's medical records when formulating her RFC. PageID 66-67; *see Isaacs v. Comm'r of Soc. Sec.*, No. 1:08-CV-828, 2009 WL 3672060, at *10 (S.D. Ohio Nov. 4, 2009) ("In making the residual functional capacity finding, the ALJ may not interpret raw medical data in functional terms") (*quoting Deskin*, 605 F.Supp.2d at 912); *see also Simpson v. Comm'r of Soc. Sec.*, 344 Fed. Appx. 181, 194 (6th Cir. 2009) (*citing Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996)) (stating "ALJs must not succumb to the temptation to play doctor and make their own independent medical findings"). "Where, as here, an ALJ determines a plaintiff's RFC without a medical opinion based upon the entirety of the medical evidence of record, the Court cannot find substantial evidence exists to support the ALJ's determination." *Bryant v. Comm'r of Soc. Sec.*, No. 3:15-CV-354, 2017 WL 489746, at *4 (S.D. Ohio Feb. 7, 2017), *report and recommendation adopted sub nom. Bryant v. Berryhill*, No. 3:15-CV-354, 2017 WL 713564 (S.D. Ohio Feb. 22, 2017) (reversing the Commissioner's non-disability finding and, remanding the case under Sentence Four). The ALJ's analysis is thus found unsupported by substantial evidence.

---

[5] The only medical source opinions of record are from the consultative examiners and record reviewers. Drs. Offutt and Schulz offered their opinions in October 2015. PageID 1637-41, 1647-54. Drs. Knierim and Finnerty offered their opinions in November 2015. PageID 153-68. Drs. Lewis and Goldsmith offered their opinions in April 2016. PageID 170-84. Each of these opinions predates Plaintiff's lumbar spine x-ray conducted on October 2, 2017. PageID 1988-90.

[6] Lordosis refers to abnormally increased concavity in the curvature of the lumbar vertebral column as viewed from the side. *Garretto v. Colvin*, No. 15-CIV-8734 (HBP), 2017 WL 1131906, at *6 (S.D.N.Y. Mar. 27, 2017) (internal quotations omitted).

Further, while the ALJ afforded Dr. Offutt's opinion "great weight," he did so only "to the extent it supports a limitation to sedentary work..." PageID 67. The undersigned finds the ALJ's conclusion in this regard constitutes additional reversible error. *See Mukes v. Comm'r of Soc. Sec.*, 946 F.Supp.2d 737, 747 (S.D. Ohio, 2013) ("[T]he ALJ erred in selectively reading the record and making conclusions that constituted a "cherry picking" of evidence, designed to produce the result of a negative finding"); *see also Smith v. Comm'r of Soc. Sec.*, No. 3:18-CV-304, 2019 WL 5781610, at *4 (S.D. Ohio Nov. 6, 2019), *report and recommendation adopted*, No. 3:18-CV-304, 2019 WL 6252181 (S.D. Ohio Nov. 22, 2019) (*citing Loza v. Apfel*, 210 F.3d 378, 393 (5th Cir. 2000)) (An "ALJ must consider all the record's evidence and cannot 'pick and choose' only the evidence that supports his [or her] position").

In light of all the foregoing, the undersigned finds that the ALJ's non-disability finding unsupported by substantial evidence and meriting reversal.

## IV.

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). In this instance, evidence of disability is not overwhelming, and a remand for further proceedings is necessary.

**V.**

**IT IS THEREFORE RECOMMENDED THAT:** (1) the Commissioner's non-disability finding be found unsupported by substantial evidence and **REVERSED**; (2) this matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for further proceedings; and (3) this case be **CLOSED** on the docket.

Date:  April 27, 2020                     s/Michael J. Newman
                                          Michael J. Newman
                                          United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system.  If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).  Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system.  If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).