IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JULIE McCABE, : | |
| Plaintiff, | |
| v. : | Case No. 3:19-cv-96 |
| COMMISSIONER OF SOCIAL SECURITY, | JUDGE WALTER H. RICE |
| : | |
| Defendant. | |

DECISION AND ENTRY ADOPTING IN PART AND REJECTING IN PART UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #14); OVERRULING IN PART AND SUSTAINING IN PART DEFENDANT'S OBJECTIONS THERETO (DOC. #15); REVERSING ALJ'S NON-DISABILITY DETERMINATION AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE AND REMANDING CAPTIONED CAUSE TO COMMISSIONER UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; JUDGMENT TO ENTER IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT; TERMINATION ENTRY

On April 27, 2020, United States Magistrate Judge Michael J. Newman issued a Report and Recommendations, Doc. #14, recommending that the Court reverse the ALJ's non-disability determination as unsupported by substantial evidence and, because evidence of disability is not overwhelming, remand the matter to the Commissioner for further proceedings.  This matter is currently before the Court on Defendant's Objections, Doc. #15, to that judicial filing. Plaintiff did not file a Response.

The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work with additional restrictions, including that she can stand or walk for approximately 2 hours per 8-hour workday, and sit for approximately 6 hours per 8-hour workday, with the option to sit or stand alternatively every 60 minutes. Doc. #6-2, PageID#65.

Magistrate Judge Newman found that the ALJ erred in failing to develop the record by obtaining an opinion from a physician who had reviewed Plaintiff's October 2, 2017, lumbar spine x-ray, which the radiologist found to show several abnormalities, including "mild lumbar levoscoliosis and reversal of the normal lumbar lordosis," a congenital fusion anomaly of the L1 through L4 vertebra that was "stable from 07/28/2010," a "hemi vertebra at L4 with 2 pedicles on the left and a single pedicle on the right," and a severely limited range of motion. Doc. #6-14, PageID#1989.

Each medical opinion on which the ALJ relied predated this lumbar spine x-ray. Magistrate Judge Newman found that the ALJ impermissibly relied on his own interpretation of this x-ray when formulating Plaintiff's RFC. Magistrate Judge Newman noted that courts have held that,

> [a]s a general rule, where the transcript contains only diagnostic evidence and no opinion from a medical source about functional limitations (or only an outdated nonexamining agency opinion), to fulfill the responsibility to develop a complete record, the ALJ must recontact the treating source, order a consultative examination, or have a medical expert testify at the hearing. This responsibility can be satisfied without such opinion only in a limited number of cases where the medical evidence shows relatively little physical impairment and

2

>an ALJ can render a commonsense judgment about functional capacity.

*Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp.2d 908, 912 (N.D. Ohio 2008) (internal quotations omitted).

Defendant objects. He argues that substantial evidence, in the form of medical records, medical opinions and Plaintiff's own statements, supported the ALJ's RFC assessment. He points out that, in rendering their opinions in 2015 and 2016, state agency reviewing physicians, David Knierim, M.D., and Elaine Lewis, M.D., acknowledged Plaintiff's fused lumbar vertebrae, dextroscoliosis and mild disc bulging in the lumbar spine. Doc. #6-3, PageID##159, 181. He also notes that the ALJ acknowledged Plaintiff's limited range of motion and included greater restrictions in the RFC than those recommended by these physicians. Citing *Kelly v. Commissioner of Social Security*, 314 F. App'x 827, 831 (6th Cir. 2009), Defendant argues that, because the 2017 x-ray does not clearly render the existing opinions "untenable," the ALJ's failure to obtain an additional medical opinion does not constitute reversible error.

The Court OVERRULES this Objection. The radiologist who interpreted the October 2, 2017, x-ray identified certain additional abnormalities that were not discussed by the reviewing physicians, and it is not clear what effect these abnormalities might have on Plaintiff's residual functional capacity. In short, this is not one of those "limited number of cases where the medical evidence shows relatively little physical impairment and an ALJ can render a commonsense

3

judgment about functional capacity." *Deskin*, 605 F. Supp.2d at 912.  Based on a thorough *de novo* review of the Court's file and the applicable law, the Court concludes that Magistrate Judge Newman properly found that, under the circumstances presented here, the ALJ had a duty to further develop the record.  The ALJ's failure to do so results in a finding that the RFC assessment is unsupported by substantial evidence.

Magistrate Judge Newman also *sua sponte* found that the ALJ cherry-picked the record in weighing the opinion of consultative examiner Ellen Offutt, M.D.  Dr. Offutt found that Plaintiff's "ability to perform work-related activities such as bending, stooping, lifting, walking, crawling, squatting, carrying and traveling as well as pushing and pulling heavy objects is at least moderately impaired," but that Plaintiff "could perform a job where she was sitting."  Doc. #6-12, PageID#1641.  The ALJ gave Dr. Offutt's opinion "great weight . . . to the extent it supports a limitation to sedentary work with postural restrictions."

Defendant objects to Magistrate Judge Newman's finding that the ALJ's conclusion as to Dr. Offutt's opinion constitutes additional reversible error.  The Court SUSTAINS this Objection.  As Defendant notes, Magistrate Judge Newman "does not explain how the ALJ's RFC assessment was inconsistent with any of Dr. Offutt's opinion[s], or how the ALJ should have formulated the RFC to better incorporate Dr. Offutt's findings."  The ALJ limited Plaintiff to sedentary work with numerous additional restrictions.

4

Nevertheless, the Court ADOPTS the Report and Recommendations, Doc. #14, based on Magistrate Judge Newman's finding that the ALJ's failure to develop the record with respect to the effect of the 2017 lumbar spine x-ray on Plaintiff's functional limitations constitutes reversible error.  The Court REVERSES the ALJ's non-disability finding as unsupported by substantial evidence.  Because evidence of disability is not overwhelming, the Court REMANDS this matter to the Commissioner under Sentence Four of 42 U.S.C. § 405(g) for further proceedings.

Judgment shall be entered in favor of Plaintiff and against Defendant.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: October 28, 2020   *Walter H. Rice* (tp - per Judge Rice authorization after his review)
WALTER H. RICE
UNITED STATES DISTRICT JUDGE